QUINN EMANUEL URQUHART & SULLIVAN, LLP
Kevin P.B. Johnson (SBN 177129)
*kevinjohnson@quinnemanuel.com*
Todd Briggs (SBN 209282)
*toddbriggs@quinnemanuel.com*
Ray Zado (SBN 208501)
*rayzado@quinnemanuel.com*
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Attorneys for Defendant
JUNIPER NETWORKS, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORE OPTICAL TECHNOLOGIES, LLC, | CASE NO. 8:19-cv-02198 JAK(RAOx) |
| Plaintiff, | **DEFENDANT JUNIPER'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS CORE'S SECOND AMENDED COMPLAINT** |
| vs. | |
| JUNIPER NETWORKS, INC., | |
| Defendant. | Hearing date: July 13, 2020 Time: 8:30 a.m. Location: Courtroom 10B. |
| | Hon. John A. Kronstadt |

# **TABLE OF CONTENTS**

**Page**

INTRODUCTION ........................................................................................ 1

BACKGROUND ......................................................................................... 2

LEGAL STANDARD ................................................................................ 4

ARGUMENT.............................................................................................. 4

I.     CORE FAILS TO PLEAD COMPLIANCE WITH THE MARKING
       STATUTE ........................................................................................ 4

       A.     Core May Not Obtain Any Relief Because It Has Failed to Plead
              Compliance with the Marking Requirement............................. 7

       B.     Core Fails to Plead Actual Notice As Required by Section 287(a) ...... 14

II.    CORE FAILS TO ADEQUATELY PLEAD WILLFUL
       INFRINGEMENT ........................................................................... 15

       A.     Core Fails to Allege Facts to Plausibly Show That Juniper Had
              Pre-Suit Knowledge of the '211 Patent ................................. 16

       B.     Core Also Fails to Plausibly Allege Egregiousness............................. 18

III.   CORE FAILS TO ADEQUATELY PLEAD INDIRECT
       INFRINGEMENT ........................................................................... 22

CONCLUSION.......................................................................................... 23

CERTIFICATE OF CONFERENCE ....................................................... 24

# <u>TABLE OF AUTHORITIES</u>

**Page**

## <u>Cases</u>

*ActiveVideo Networks, Inc. v. Verizon Commc'ns, Inc.*,
    694 F.3d 1312 (Fed. Cir. 2012) ................................................................ 8

*Adrea, LLC v. Barnes & Noble, Inc.*,
    No. 13-CV-4137-JSR, 2015 U.S. Dist. LEXIS 100312
    (S.D.N.Y. July 23, 2015) ........................................................................ 14

*Alfred E. Mann Found. for Sci. Research v. Cochlear Corp.*,
    No. CV-07-8108-FMO-SHx, 2018 WL 6190604
    (C.D. Cal. Nov. 4, 2018) ........................................................................ 19

*Altair Instruments, Inc. v. Walmart, Inc.*,
    No. 2:18-CV-09461-R-FFM, 2019 WL 7166060
    (C.D. Cal. Sept. 25, 2019) ...................................................................... 17

*Am. Med. Sys. v. Med. Eng'g Corp.*,
    6 F.3d 1523 (Fed. Cir. 1993) ................................................................ 5, 8

*Amsted Indus., Inc. v. Buckeye Steel Castings Co.*,
    24 F.3d 178 (Fed. Cir. 1994) ............................................................ 6, 9, 14

*Arctic Cat Inc. v. Bombardier Rec. Prods.*,
    876 F.3d 1350 (Fed. Cir. 2017) ............................................................ 6, 9

*Arctic Cat Inc. v. Bombardier Recreational Prod. Inc.*,
    950 F.3d 860 (Fed. Cir. 2020) ................................. 1, 5, 6, 12, 13, 14

*Artip v. Ball Corp.*,
    735 F. App'x 708 (Fed. Cir. 2018) ........................................................ 22

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ................................................................................ 4

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) ................................................................................ 4

*Cap. Co., Ltd. v. McAfee, Inc.*,
    No. 14-CV-05068-JD, 2015 WL 3945875
    (N.D. Cal. Jun. 26, 2015) ...................................................................... 21

*Chalumeau Power Sys. LLC v. Alcatel–Lucent et al.*,
    C.A. No. 11-1175-RGA (D. Del. July 18, 2012) .................................. 18

*Commil USA, LLC v. Cisco Systems, Inc.*,
    135 S. Ct. 1920 (2015) .......................................................................... 22

*Cont'l Circuits LLC v. Intel Corp.*,
    No. CV-16-2026-PHX-DGC, 2017 WL 679116
    (D. Ariz. Feb. 21, 2017) ........................................................................ 21

*Crown Packaging Tech., Inc. v. Rexam Bev. Can Co.,*
   559 F.3d 1308 (Fed. Cir. 2009) ...................................................... 10

*Deckers Outdoor Corp. v. J.C. Penney Co. Inc.,*
   45 F. Supp. 3d 1181 (C.D. Cal. 2014) ............................................ 18

*Document Sec. Sys., Inc. v. Seoul Semiconductor Co.,*
   No. SA-CV-1700981-JVS-JCGx, 2018 WL 6074582
   (C.D. Cal. Feb. 5, 2018) ............................................ 16, 18, 21

*Evolved Wireless, LLC v. Apple Inc.,*
   No. CV-15-542-JFB-SRF, 2019 WL 1100471
   (D. Del. Mar. 7, 2019) ................................................................. 20

*Finjan, Inc. v. Blue Coat Sys., Inc.,*
   No. 13-CV-03999-BLF, 2016 WL 3880774
   (N.D. Cal. July 18, 2016), aff'd in pertinent part,
   879 F.3d 1299 (Fed. Cir. 2018) .................................................... 20

*Gart v. Logitech, Inc.,*
   254 F.3d 1334 (Fed. Cir. 2001) ...................................................... 5

*Global-Tech Appliances, Inc. v. SEB S.A.,*
   563 U.S. 754 (2011) ..................................................................... 22

*Hagan v. Khoja,*
   139 S. Ct. 2615, 204 L. Ed. 2d 264 (2019) ..................................... 9

*Halo Elecs., Inc. v. Pulse Elecs., Inc.,*
   136 S. Ct. 1923 (2016) ......................................15, 16, 17, 19, 20, 21

*Hanson v. Alpine Valley Ski Area, Inc.,*
   718 F.2d 1075 (Fed. Cir. 1983) .................................................... 10

*Horatio Wash. Depot Techs. LLC v. Tolmar, Inc.,*
   No. 17-1086-LPS-CJB, 2019 U.S. Dist. LEXIS 45453
   (D. Del. Mar. 20, 2019) ...................................................... 7, 14, 15

*Huawei Techs. Co. Ltd. v. T-Mobile US, Inc.,*
   No. 2:16-CV-00052-JRG-RSP,
   2017 U.S. Dist. LEXIS 153383
   (E.D. Tex. Sep. 4, 2017) ...................................................... 5, 10, 11

*Jackson v. Intel Corp.,*
   No. 09-C-2178, 2009 U.S. Dist. LEXIS 78991
   (N.D. Ill. Aug. 31, 2009) ..................................................... 7, 14, 15

*Judge Med. Cardiology Div., Inc. v. Volcano Corp.,*
   749 F.3d 1373 (Fed. Cir. 2014) .................................................... 20

*Khoja v. Orexigen Therapeutics, Inc.,*
   899 F.3d 988 (9th Cir. 2018) .......................................................... 9

*Laitram Corp. v. NEC Corp.*,
　　No. 89-1571, 1996 U.S. Dist. LEXIS 9263
　　(E.D. La. June 28, 1996) ........................................................................9

*Lans v. Digital Equip. Corp.*,
　　252 F.3d 1320 (Fed. Cir. 2001) .................................................5, 6, 14, 15

*Mass. Inst. of Tech. v. Abacus Software, Inc.*,
　　No. 5:01-CV-344, 2004 U.S. Dist. LEXIS 30052
　　(E.D. Tex. Aug. 4, 2004) ......................................................................10

*Maxwell v. J. Baker, Inc.*,
　　86 F.3d 1098 (Fed. Cir. 1996) ...................................................................6

*MONEC Holding AG v. Motorola Mobility, Inc.*,
　　897 F. Supp. 2d 225 (D. Del. 2012) ..............................................16, 18, 22

*Monolithic Power Sys., Inc. v. Silergy Corp.*,
　　127 F. Supp. 3d 1071 (N.D. Cal. 2015) ......................................................21

*Mophie, Inc. v. Shah*,
　　No. SA-CV-1301321-DMG-JEMx, 2014 WL 12603184
　　(C.D. Cal. Aug. 25, 2014) ....................................................................14

*Motorola Inc. v. United States*,
　　729 F.2d 765 (Fed. Cir. 1984) ...................................................................6

*Nichia Corp. v. VIZIO, Inc.*,
　　No. CV-8160545-SJO-MRWx, 2019 WL 1966665
　　(C.D. Cal. Mar. 25, 2019) ....................................................................20

*Nike, Inc. v. Wal-Mart Stores, Inc.*,
　　138 F.3d 1437 (Fed. Cir. 1998) ................................................................17

*Osteotech, Inc. v. Regeneration Techs., Inc.*,
　　No. CIV-A-306-CV-04249-FLW,
　　2008 WL 4449564 (D.N.J. Sept. 25, 2008) ...............................................10

*Pacing Techs., LLC v. Garmin Int'l, Inc.*,
　　No. 12-CV-1067-BEN-WMC, 2013 WL 444642
　　(S.D. Cal. Feb. 5, 2013) ...................................................................18, 23

*Polaris PowerLED Techs., LLC v. Vizio, Inc*,
　　No. SA-CV-181571-JVS-DFMx, 2019 WL 3220016
　　(C.D. Cal. May 7, 2019) ...................................................................16, 19

*Presidio Components, Inc. v. Am. Tech. Ceramics Corp.*,
　　875 F.3d 1369 (Fed. Cir. 2017) ................................................................20

*Radware, Ltd. v. A10 Networks, Inc.*,
　　No. C-13-02021-RMW, 2013 WL 5373305
　　(N.D. Cal. Sept. 24, 2013) ...............................................................17, 22

*Read Corp. v. Portec, Inc.*,
　　970 F.2d 816 (Fed. Cir. 1992) ................................................................19

*Rembrandt Wireless Techs., LP v. Samsung Elecs. Co.,*
    853 F.3d 1370 (Fed. Cir. 2017) ..........................................................10, 11, 12

*Siemens Mobility Inc. v. Westinghouse Air Brake Techs. Corp.,*
    No. CV-16-284-LPS-CJB, 2018 WL 7893901
    (D. Del. Dec. 17, 2018) ...............................................................................10

*SoftView LLC v. Apple Inc.,*
    2012 WL 3061027 (D. Del. July 26, 2012)...................................................18

*Soteria Encryption, LLC v. Lenovo United States, Inc.,*
    No. CV-16-7958-GW-JPRx, 2017 WL 3449058
    (C.D. Cal. Feb. 27, 2017) .......................................................................15, 16

*Unilin Beheer B.V. v. Tropical Flooring,*
    No. CV-14-02209-BRO-SSx, 2014 WL 2795360
    (C.D. Cal. June 13, 2014)............................................................................22

*Unwired Planet, LLC v. Apple Inc.,*
    No. 13-CV-04134-VC, 2017 WL 1175379 (N.D. Cal. Feb. 14, 2017) .........10

*VNUS Med. Techs., Inc. v. Diomed Holdings, Inc.,*
    527 F. Supp. 2d 1072 (N.D. Cal. 2007) ......................................................17

*Weatherford Tech. Holdings, LLC v. Tesco Corp.,*
    No. 2:17-CV-00456-JRG, 2018 WL 6787356
    (E.D. Tex. Nov. 14, 2018)...........................................................................10

*Wisconsin Alumni Research Found. v. Apple, Inc.,*
    140 F. Supp. 3d 791 (W.D. Wis. 2015)........................................................20

## STATUTES AND REGULATIONS

35 U.S.C. § 253(a) .............................................................................................11

35 U.S.C. §271(a) ..............................................................................................16

35 U.S.C. § 284..................................................................................................15

35 U.S.C. § 287(a) .........................................................................................5, 13

37 C.F.R. § 1.321(a) ..........................................................................................11

# **INTRODUCTION**

In this case, Core Optical Technologies, LLC ("Core") alleges that Juniper Networks, Inc. ("Juniper") infringes U.S. Patent No. 6,782,211 (the "'211 patent"). Because the '211 patent expired before the present lawsuit was filed, Core's only potential relief is past damages.   To recover past damages, Core must plead compliance with the marking or actual notice requirements of 35 U.S.C. § 287. However, Core failed to plead compliance these requirements in its original Complaint, its First Amended Complaint, and in its Second Amended Complaint.

Instead of pleading compliance with Section 287, Core advances two theories to suggest it may sidestep the marking requirement.  First, Core claims the marking requirement does not apply because Core asserts only method claims in this case. This is incorrect.  Core already asserted apparatus claims from the '211 patent in three prior cases, and has licensed the defendants in those cases to practice the '211 patent with physical, markable products.  In situations like this, district courts have routinely found that plaintiffs' prior assertions of apparatus claims triggers the marking requirement, and plaintiffs cannot retroactively avoid the obligation to mark by later asserting only method claims.  Second, Core claims that even if the marking requirement does apply, it still allows Core to obtain damages prior to October 2014, when it first licensed the '211 patent to a third party and triggered its obligation to mark.  This too is incorrect.  The plain language Section 287 and recent Federal Circuit authority make clear that the marking requirement does not allow for damages under these circumstances, as it "prohibits a patentee from receiving *any* damages in a subsequent action for infringement after a failure to mark." *Arctic Cat Inc. v. Bombardier Recreational Prod. Inc.*, 950 F.3d 860, 865 (Fed. Cir. 2020) ("*Arctic Cat II*").

Independent of its failure to comply with the marking statute, Core's allegations of willful and indirect infringement fail because they rest upon a single, flawed theory for knowledge or willful blindness—that Juniper monitors patent

lawsuits within its industry.  Allegations of industry lawsuit monitoring to establish knowledge or willful blindness of a patent for purposes of willful and indirect infringement are insufficient as a matter of law.  And Core's claims of willful infringement should also be dismissed because Core fails to allege the egregious conduct required for willfulness under applicable Federal Circuit precedent.

Accordingly, Juniper respectfully requests that the Court dismiss Core's entire Second Amended Complaint, and, independently, Core's claims of willful and indirect infringement, without leave to amend.

## **BACKGROUND**

On November 12, 2019, Core filed a complaint alleging that Juniper infringes U.S. Patent No. 6,782,211.  (Dkt. 1.)  The '211 patent expired on November 4, 2019.  On January 27, 2020, the parties met and conferred regarding Juniper's originally planned motion to dismiss, pursuant to L.R. 7-3.  Declaration of Nima Hefazi ("Hefazi Decl.") ¶ 3.  During that meet and confer, counsel for Juniper explained that it would move to dismiss Core's Complaint on February 3, 2020.  *Id.* On January 31, 2020, after learning of Juniper's motion to dismiss, but before Juniper filed its motion, Core filed a First Amended Complaint.  (Dkt. 19.)  On February 12, 2020, the Court issued an Order to Strike this First Amended Complaint for failure to comply with Rule 15.  (Dkt. 24.)  Subsequently, the Court granted the parties' Joint Stipulation on First Amended Complaint, permitting the refiling of Core's First Amended Complaint.  (Dkt. 26.)  Core filed its operative First Amended Complaint ("FAC") on February 21, 2020.  (Dkt. 27.)  On March 6, 2020, Juniper filed its Motion to Dismiss Core's FAC.  (Dkt. 29.)  The parties subsequently agreed and stipulated to a briefing schedule on Juniper's Motion to Dismiss.  (Dkt. 30.)  On March 27, 2020, instead of responding to Juniper's Motion to Dismiss, Core filed a Second Amended Complaint ("SAC").  (Dkt. 31.)  On April 1, 2020, the Court deemed Juniper's Motion to Dismiss Core's FAC moot in light of the SAC.  (Dkt. 32.)  Accordingly, Juniper now moves to dismiss Core's SAC.

Core's original Complaint contained no mention of Section 287(a) or the marking requirement.  (*See* Dkt 1.)  Nor did Core plead in its FAC that it provided Juniper with actual notice of its alleged infringement of the '211 patent or that it complied with the marking requirements of Section 287(a).  (Dkt. 27, ¶¶ 3, 12, 48-49.)  Core attempts to avoid the marking requirement by alleging that it is "asserting only method claims of the '211 Patent" in this lawsuit, and that, as a result, it believes that the marking requirement of 35 U.S.C. § 287(a) does not apply.  (SAC ¶¶ 6, 15, 53-55.)  Core's SAC differs from its FAC with respect to marking in that Core now admits that it granted licenses and had licensees practicing the '211 patent as of October 2014.[1]  (SAC ¶ 52.)  Core's SAC goes on to advance the theory that, because "no third party was authorized to practice any claimed inventions of the '211 patent prior to October 21, 2014, 35 U.S.C. § 287(a) cannot prevent or otherwise limit Core's entitlement to damages for acts of infringement that occurred prior to October 21, 2014."  (SAC ¶ 54.)

Core also brings claims for indirect patent infringement—both inducement (SAC ¶¶ 60-68) and contributory infringement (*id.* ¶¶ 69-75)—as well as willful infringement (*id.* ¶ 78-83).  Notably, the entirety of Core's allegations as to knowledge or willful blindness are set forth in paragraphs 64-67 of its SAC.  Core alleges nothing more than that: (1) Juniper purportedly knew of the '211 patent's "existence and relevance" due to Core's filing of complaints for infringement of the '211 patent in other lawsuits (*id.* ¶ 65)[2]; (2) through "monitor[ing] patent suits against other participants in the industry … Juniper knew of—or was willfully blind

---

[1] Core confirmed that it granted licenses and had licensees practicing the '211 patent as of October 2014 during the parties' April 3, 2020 meet and confer.  Hefazi Decl. ¶ 4.

[2] These suits include: No. SA-CV-12-1872-AG, *Core Optical Technologies, LLC v. Ciena Corporation, et al.*; No. SA-CV-16-0437-AG, *Core Optical Technologies,*

to—the existence of the '211 Patent," (*id*. ¶ 66); and (3) through said monitoring "Juniper knew—or was willfully blind—that the Fiber Optic XPIC Devices are configured to infringe the '211 patent during normal use" (*id*.).[3]   Likewise, regarding willful infringement, Core's allegations are premised solely on "the reasons set forth in Paragraphs 64-67." (*Id*. ¶ 78.)

Finally, Core's only purported support for its claim that Juniper's conduct was egregious are the claims that Juniper is a "massive company," whereas Core is a "small company" (SAC ¶ 80) and that the Patent Trial and Appeal Board ("PTAB") denied review of petitions for *Inter Partes Review* of the '211 patent (FAC ¶ 81).

## LEGAL STANDARD

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The plausibility standard is not met unless the "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.  Courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Id*.  Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*.

## ARGUMENT

## I. CORE FAILS TO PLEAD COMPLIANCE WITH THE MARKING STATUTE

Section 287 of the Patent Act is designed to "encourage marking, not merely

---

*LLC v. Fujitsu Network Communications, Inc.*; and (3) No. SA-CV-8:17-CV-00548-AG, *Core Optical Technologies, LLC v. Infinera Corp*.  (FAC ¶ 65.)

[3] Despite ample opportunity to amend, these allegations in the SAC remain substantively the same as Core's allegations in its original Complaint, and its FAC. (*Cf*. Dkt. 1 ¶¶ 55-57, 69 with FAC ¶ 64-67.)

to discourage the sale of unmarked products" and thus, "prohibits a patentee from receiving *any* damages in a subsequent action for infringement after a failure to mark." *Arctic Cat Inc. v. Bombardier Recreational Prod. Inc.*, 950 F.3d 860, 865 (Fed. Cir. 2020) ("*Arctic Cat II*") (emphasis in original); *see also Huawei Techs. Co. Ltd. v. T-Mobile US, Inc.*, No. 2:16-CV-00052-JRG-RSP, 2017 U.S. Dist. LEXIS 153383, at *9 (E.D. Tex. Sep. 4, 2017) (Section 287 "provide[s] an incentive for patentees to inform a potential infringer that someone has a right to exclude him from making, using, offering to sell, or selling the article he may be contemplating …") (internal citation omitted).  The policy reason for this is "to preclude the patentee from taking advantage of the deception that may arise from unmarked articles." *Huawei*, 2017 U.S. Dist. LEXIS 153383, at *9.

Accordingly, Section 287(a) precludes relief for patent infringement when the patentee or a licensee of the patent "fails to mark properly products within the scope of the patent." *Lans v. Digital Equip. Corp.*, 252 F.3d 1320, 1326 (Fed. Cir. 2001). "A patentee who makes or sells patented articles can satisfy the notice requirement of § 287 either by providing constructive notice—*i.e.*, marking its products—or by providing actual notice to an alleged infringer." *Arctic Cat II*, 950 F.3d at 864 (citing *Gart v. Logitech, Inc*., 254 F.3d 1334, 1345 (Fed. Cir. 2001)); *accord Am. Med. Sys. v. Med. Eng'g Corp.*, 6 F.3d 1523, 1537 (Fed. Cir. 1993).  Thus, a patentee that does not comply with the marking requirements of Section 287(a) is not entitled to recover damages unless it provided the accused infringer actual notice of its infringement prior to the expiration of the patent at issue.  35 U.S.C. § 287(a); *Arctic Cat II*, 950 F.3d at 864; *Lans,* 252 F.3d at 1328.

Further, notice of infringement under Section 287(a) must be of the infringement (not of the patent) and must come from the patentee.  *See Lans*, 252 F.3d at 1327.  Indeed, "[i]t is irrelevant . . . whether the defendant knew of the patent or knew of his own infringement." *Amsted Indus., Inc. v. Buckeye Steel Castings Co.*, 24 F.3d 178, 185 (Fed. Cir. 1994); *see also Arctic Cat II*, 950 F.3d at

864 ("Actual notice requires the affirmative communication of a specific charge of infringement by a specific accused product or device").  Moreover, post-expiration notice is too late—because, by definition, the defendant cannot "continue[] to infringe" following such notice, as an expired patent cannot be infringed nor otherwise accrue damages.  *Lans*, 252 F.3d at 1328.

The Federal Circuit has long held that in order to state a plausible claim to relief for patent infringement, the "patentee bears the burden of pleading and proving he complied with § 287(a)'s marking requirement."  *Arctic Cat Inc. v. Bombardier Rec. Prods.*, 876 F.3d 1350, 1365 (Fed. Cir. 2017) ("*Arctic Cat I*" hereinafter); *Arctic Cat II*, 950 F.3d at 863 ("once an alleged infringer identifies products that it believes are unmarked patented articles subject to the notice requirements of § 287, the patentee bears the burden of proving that the identified products do not practice the claimed invention"); *see also Maxwell v. J. Baker, Inc.*, 86 F.3d 1098, 1111 (Fed. Cir. 1996); *Motorola Inc. v. United States*, 729 F.2d 765, 769-70 (Fed. Cir. 1984).

Finally, a patentee's licensees must also comply with the marking provisions of Section 287(a).  *Arctic Cat II*, 950 F.3d at 864 (Fed. Cir. 2020).  Accordingly, and critical to this motion, ***at the pleading stage***, the burden is on the patentee to plead its and its licensees' compliance with Section 287(a).  *Arctic Cat I,* 876 F.3d at 1366-67.

In sum, where (as here) a complaint is filed after the patent expires, a patentee fails to state a claim for patent infringement by failing to plead compliance with the marking or actual notice provisions of Section 287(a).  *See Lans*, 252 F.3d at 1328 (affirming district court's dismissal where products were not marked and the patentee failed to notify the accused infringer of its infringement before the patent expired); *Horatio Wash. Depot Techs. LLC v. Tolmar, Inc.*, No. 17-1086-LPS-CJB, 2019 U.S. Dist. LEXIS 45453, at *7 (D. Del. Mar. 20, 2019) (granting motion to dismiss for failure to state a claim where the asserted patents expired prior to the

filing of the complaint); *Jackson v. Intel Corp.*, No. 09-C-2178, 2009 U.S. Dist. LEXIS 78991, at *5 (N.D. Ill. Aug. 31, 2009) (noting that if a patentee cannot state a claim for damages due to failure to plead compliance with the marking statute, then "he has failed to state a claim" for patent infringement).  Because Core has not alleged compliance with the marking or actual notice provisions of Section 287(a), the SAC should be dismissed.

### A.   Core May Not Obtain Any Relief Because It Has Failed to Plead Compliance with the Marking Requirement

Core admits that it granted licenses to the '211 patent by October 2014, but does not allege in the SAC that its licensees complied with the marking requirement. (*See* SAC ¶¶ 51-55.)   Unable to plead compliance with the marking requirement, Core instead asserts that Section 287(a) does not apply because (1) Core is only asserting method claims against Juniper (SAC ¶¶ 6, 15, 53), and (2) Core believes it can still recover damages for infringement prior to October 21, 2014, when Core's licensees started to practice the '211 patent (*see* SAC ¶ 54).  As explained below, Core's positions are incorrect and irreconcilable with the statute's purpose and applicable Federal Circuit authority.

### 1.   Core Cannot Avoid The Marking Requirement By Asserting Only Method Claims

Core may not rely on its assertion of only method claims to avoid the marking requirement.  The Federal Circuit has held that once a patentee asserts apparatus claims, the requirements of Section 287 are triggered:

> In this case, both apparatus and method claims of the '765 patent were asserted, and there was a physical device produced by the claimed method that was capable of being marked. Therefore, we conclude that AMS was required to mark its product pursuant to section 287(a) in order to recover damages under its method claims prior to actual or constructive notice being given to MEC.

*Am. Med.*, 6 F.3d at 1538; *see also ActiveVideo Networks, Inc. v. Verizon Commc'ns, Inc.*, 694 F.3d 1312, 1334 (Fed. Cir. 2012) ("In *American Medical*, [the Federal Circuit] held that if a single patent contains both apparatus claims and method claims, the marking requirement applies to all the claims.").  The proper inquiry regarding applicability of the marking requirement is "***whether there is a tangible item to mark by which notice of the asserted method claims can be given***."  *Am. Med.*, 6 F.3d at 1538 (emphasis added).  Assertion of an apparatus claim evidences that a tangible item exists, and a patentee that asserts an apparatus claim is therefore "obliged to [mark] if it intends to avail itself of the constructive notice provisions of section 287(a)."  *Id.* at 1538-1539; *cf. id.* at 1538 ("[t]he reason that the marking statute does not apply to method claims is that, ordinarily, where the patent claims are directed to only a method or process there is nothing to mark").

Here, the record shows that there are tangible items to mark.  Core asserted apparatus claims of the '211 patent (in addition to method claims) in multiple prior cases before this Court, including the *Infinera*, *Ciena*, and *Fujitsu* actions referenced in the SAC.  (*E.g.* SAC ¶ 65.)[4]  In each prior action, the accused products were physical optical networking products (not simply the performance of a method).[5]  Each of these actions was resolved through settlement, whereby Core granted the

---

[4]   Specifically, Core asserted apparatus claims 15, 23, and 25 in addition to method claims 30, 32, 33, 35, and 37 against Ciena, Fujitsu, and Infinera.  Hefazi Decl. Ex. 1 at 2 (joint claim construction statement from Ciena action); *id.* Ex. 2 at 9 (joint claim construction statement from Fujitsu action); *id.* Ex. 3 at 1 (joint claim construction statement from Infinera action).

[5]   *See* Hefazi Decl. Ex. 8 at 4 (complaint against Ciena, accusing "line card[s]," and "Packet-Optical Platform[s]," *e.g.* the "eDC40G line card" and "6500 Packet-Optical Platform"); Ex. 9 at 3 (complaint against Fujitsu, accusing "Transponder[s]" and "Packet Optical Networking Platform[s]," *e.g.* the "100G Transponder" and "FLASHWAVE 9500 Packet Optical Networking Platform"); Ex. 10 at 3 (complaint against Infinera, accusing "network platforms," *e.g.* the "DTN-X Family").

Defendant a license to practice the claims of the '211 patent.[6]  Core also confirmed that its licensees practice claims in the '211 patent.  *See* SAC ¶ 52; Hefazi Decl. ¶ 4.[7]

In view of Core's prior licenses, Core must plead that its licensees marked products they have sold that practice the '211 patent.  Yet Core's SAC—like its FAC and original Complaint—fails to do so.  *See Arctic Cat I,* 876 F.3d at 1366-67 (patentee must plead marking compliance at pleading stage); *see also Amsted Indus.*, 24 F.3d at 185; *Laitram Corp. v. NEC Corp.,* No. 89-1571, 1996 U.S. Dist. LEXIS 9263, at *5-6 (E.D. La. June 28, 1996) ("Section 287 appl[ies] to licensees and other authorized parties regardless of the particular form of the authorization . . . ."); *Mass. Inst. of Tech. v. Abacus Software, Inc.,* No. 5:01-CV-344, 2004 U.S. Dist. LEXIS 30052, at *31-33 (E.D. Tex. Aug. 4, 2004).

Core relies on *Crown Packaging Tech., Inc. v. Rexam Bev. Can Co.*, 559 F.3d 1308 (Fed. Cir. 2009) and *Hanson v. Alpine Valley Ski Area, Inc.*, 718 F.2d 1075

---

[6]  *See* Hefazi Decl. Ex. 4 (order dismissing Ciena action on November 11, 2014 with prejudice but retaining jurisdiction to enforce "Settlement and Patent License and Assignment Agreement") at 1; *id.* Ex. 5 at 1 (status report regarding "Settlement Agreement and Patent License Agreement" between Core and Fujitsu); *id.* Ex. 6 at 1 (joint stipulation of dismissal of Fujitsu action with prejudice "[p]ursuant to a settlement between the parties"); *id.* Ex. 7 at 1 (order dismissing Infinera action with prejudice but retaining jurisdiction to enforce the parties "Settlement Agreement").

[7]  In adjudicating a Rule 12(b)(6) motion, the Court may take judicial notice of matters of public record, or documents incorporated by reference, without converting a motion to dismiss into one for summary judgment.  *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018), *cert. denied sub nom. Hagan v. Khoja*, 139 S. Ct. 2615 (2019).  The Hefazi Declaration contains public records from prior litigations that demonstrate Core's prior assertion of apparatus claims and the existence of licenses for products to practice these claims.  Core cannot reasonably contest the authenticity of these publicly filed documents, and admits the existence of its licenses (SAC ¶ 52).  The Court may notice these materials either as matters of public record, because they are public court filings, or, as extrinsic

(Fed. Cir. 1983) for the proposition that "[t]the marking requirement of 35 U.S.C. § 287(a) does not apply when a patentee only asserts infringement of method claims." (SAC ¶ 53.)   These cases are inapposite.   In both cases, the patentee had not previously asserted apparatus claims of the patent at issue, as Core has done here. *See Crown Packaging*, 559 F.3d at 1317.

District courts have routinely held that the marking statute is triggered once apparatus claims are asserted, even if they are later withdrawn.   *See*, *e.g.*, *Weatherford Tech. Holdings, LLC v. Tesco Corp.*, No. 2:17-CV-00456-JRG, 2018 WL 6787356, at *1 (E.D. Tex. Nov. 14, 2018); *Siemens Mobility Inc. v. Westinghouse Air Brake Techs. Corp*., No. CV-16-284-LPS-CJB, 2018 WL 7893901, at *1 (D. Del. Dec. 17, 2018) (dropping apparatus claims originally asserted so that only method claims remained did not relieve plaintiff of marking requirement); *Huawei*, 2017 WL 5165606, at *3 (collecting cases); *Unwired Planet, LLC v. Apple Inc*., No. 13-CV-04134-VC, 2017 WL 1175379, at *4 (N.D. Cal. Feb. 14, 2017) (rejecting arguments that withdrawal of apparatus claims from case obviated marking requirement); *Osteotech, Inc. v. Regeneration Techs., Inc.*, No. CIV-A-306-CV-04249-FLW, 2008 WL 4449564, at *6 (D.N.J. Sept. 25, 2008) (rejecting "Plaintiff['s] argu[ment] that, since it has abandoned its product claims against Defendant, that obviates the need for compliance with the marking requirement.").   In short, a plaintiff cannot avoid the Section 287(a) marking requirement by asserting only method claims where the plaintiff previously asserted apparatus claims and a tangible, markable product exists.   And this is exactly what Core is attempting to do here.

*Rembrandt Wireless Techs., LP v. Samsung Elecs. Co.*, 853 F.3d 1370 (Fed. Cir. 2017) is instructive.   There, the defendant challenged the plaintiff's right to a

---

documents integral to the complaint, because Core's claims of infringement are based in part on these prior lawsuits (*see* SAC ¶¶ 65-66).

-10-

Case No. 8:19-cv-02198 JAK(RAOx)
DEFENDANT JUNIPER'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS
CORE'S SECOND AMENDED COMPLAINT

damages award based on the "failure to mark products covered by [a] previously-asserted [apparatus] claim." 853 F.3d at 1382.  The patent had been licensed to a third party that sold unmarked products embodying the apparatus claim.  *Id*.  In response, the plaintiff withdrew its apparatus claim, and even went so far as to officially disclaim the apparatus claim at the U.S. Patent and Trademark Office ("USPTO").[8]  *Id*.  The district court denied the defendant's motion to limit damages on this basis, but the Federal Circuit reversed, explaining that "disclaimer cannot serve to retroactively dissolve the § 287(a) marking requirement for a patentee to collect pre-notice damages."  *Id*. at 1384.  The Federal Circuit did not allow that plaintiff to avoid the marking requirement by not asserting previously asserted apparatus claims, because doing so would constitute "an end-run around the marking statute … irreconcilable with the statute's purpose" that would "undermine[] the marking statute's public notice function."  *Id*.

Core should not be permitted to "retroactively dissolve" its own marking obligations under Section 287(a) by amending its pleading to state it asserts only method claims against Juniper, when it previously asserted apparatus claims and where tangible items to mark exist.  If complete disclaimer of an asserted apparatus claim is insufficient to relieve a patentee of its marking obligations where there is a tangible item to mark, then selective assertion of method claims in subsequent litigation surely cannot relieve a patentee of its marking obligations either. *Rembrandt*, 853 F.3d at 1382-84.

Finally, the public policy underlying the marking requirements of Section 287(a) likewise dictates that Core is obligated to plead marking compliance in this case.  The district court's reasoning in *Huawei* is instructive:

> The purpose of the marking requirement is to provide an

---

[8] Disclaimer is a procedure whereby a patentee gives up its rights in an issued patent claim by an affirmative act at the USPTO.  35 U.S.C. § 253(a); 37 C.F.R.

incentive for patentees to inform a potential infringer that someone has a right to exclude him from making, using, offering to sell, or selling the article he may be contemplating—in other words, to preclude the patentee from taking advantage of the deception that may arise from unmarked articles. As a result, a logical interpretation of the statute is that a patentee must mark any product covered by any claim of the asserted patent. . . . If the patentee fails to mark any article with the patent then later asserts a claim that encompassed the unmarked article, the patentee should not be entitled to bypass § 287(a)'s constructive notice requirement.

2017 U.S. Dist. LEXIS 153383, at *9-10 (internal citation omitted).

Allowing Core to circumvent the marking requirement of Section 287(a) by asserting only method claims in the instant case would undermine Section 287(a)'s public notice function. *See Arctic Cat II,* 950 F.3d at 865; *Rembrandt*, 853 F.3d at 1382-84. Such a result would effectively allow Core to make an end-run around the marking provisions of the Patent Act and recover damages without having put the public on notice of its patent rights.

### 2. Damages Prior To Actual Notice Are Foreclosed Following A Failure to Mark

In an apparent last-ditch effort to salvage its case, Core alleges for the first time in its SAC that, because Core had never licensed any third parties to practice the claims of the '211 patent prior to October 21, 2014, Section 287(a) cannot prevent Core from recovering damages for alleged acts of infringement that occurred prior to October 21, 2014.  (SAC ¶¶ 52-55.)  This is incorrect. Section 287(a) states in relevant part:

§ 1.321(a).

> In the event of failure so to mark, no damages shall be recovered by the patentee in any action for infringement, except on proof that the infringer was notified of the infringement and continued to infringe thereafter, in which event damages may be recovered only for infringement occurring after such notice.

35 U.S.C. § 287(a).  Under the plain language of Section 287(a), where there is a failure to mark, a patentee is prohibited from receiving **any** damages in a subsequent action for infringement, **unless** the patentee has provided the accused infringer with actual notice.  This is precisely what the Federal Circuit recently held in *Arctic Cat Inc. v. Bombardier Rec. Prods.*, 950 F.3d 860 (Fed. Cir. 2020) (*Arctic Cat II*). As the Federal Circuit explained:

> While § 287 describes the conduct of the patentee in the present tense, the consequence of a failure to mark is not so temporally limited.  Section 287 provides that "in the event of failure so to mark, *no* damages shall be recovered by the patentee in *any* action for infringement, except on proof that the infringer was notified of the infringement and continued to infringe thereafter" (emphasis added).  The statute thus prohibits a patentee from receiving *any* damages in a subsequent action for infringement after a failure to mark.

*Arctic Cat II*, 950 F.3d at 865 (emphases in original).

Ultimately, the Federal Circuit in *Arctic Cat II* held that "[t]he notice requirement to which a patentee is subjected cannot be switched on and off . . . . Thus, once a patentee begins making or selling a patented article, the notice requirement attaches, and the obligation imposed by § 287 is discharged only by providing actual or constructive notice."  *Id.*  And, critically, once there is a failure

to mark, Section 287(a) forecloses a patentee from recovering damages for infringement occurring before there were even products to mark. *Adrea, LLC v. Barnes & Noble, Inc.*, No. 13-CV-4137-JSR, 2015 U.S. Dist. LEXIS 100312, at *7 (S.D.N.Y. July 23, 2015) ("The operative sentence provides that, if the patentee fails to mark its products but provides defendant with actual notice, "damages may be recovered *only for infringement occurring after such notice*.") (emphasis in original). Here, as it did for the patentee in *Arctic Cat II*, Core's obligation to mark arose when it authorized licensees to begin selling patented articles. 950 F.3d at 865. Accordingly, Core, like the patentee in *Adrea*, cannot recover damages for alleged acts of infringement that occurred before Core triggered its obligation to mark. 2015 U.S. Dist. LEXIS 100312, at *7-8.

Based on the foregoing, it is clear that Section 287(a) prevents Core from collecting damages in this case, even for alleged acts of infringement that occurred before Core licensed any third parties to practice the claims of the '211 patent. As a result, Core has failed to show that it can recover past damages for Juniper's alleged infringement of the expired '211 patent, and Core's SAC must therefore be dismissed in its entirety. *See Lans*, 252 F.3d at 1328; *Horatio*, 2019 U.S. Dist. LEXIS 45453, at *7; *Jackson*, 2009 U.S. Dist. LEXIS 78991, at *5.

## B. Core Fails to Plead Actual Notice As Required by Section 287(a)

There is no dispute that Core did not provide Juniper with actual notice of the '211 patent. For purposes of Section 287(a), "[a]ctual notice requires the affirmative communication of a specific charge of infringement by a specific accused product or device." *Mophie, Inc. v. Shah*, No. SA-CV-1301321-DMG-JEMx, 2014 WL 12603184, at *4 (C.D. Cal. Aug. 25, 2014) (interpreting *Amsted Indus.*, 24 F.3d at 187 and collecting cases). Core does not (and cannot) plead that it affirmatively communicated any charge of infringement to Juniper, let alone one that involved a specific charge of infringement against a Juniper product. Thus, it cannot be disputed that Core has not plead actual notice under Section 287(a).

Given that the SAC fails to plead that Core complied with Section 287(a) through either marking or actual notice, Core's claims for patent infringement, and accordingly, Core's entire SAC, should be dismissed.  *See Lans*, 252 F.3d at 1328; *Horatio*, 2019 U.S. Dist. LEXIS 45453, at *7; *Jackson*, 2009 U.S. Dist. LEXIS 78991, at *5.  Because Core will be unable to plead actual notice or marking even if given another opportunity to amend, Juniper respectfully requests that the Court dismiss the entirety of Core's SAC without leave to amend.

## II.   CORE FAILS TO ADEQUATELY PLEAD WILLFUL INFRINGEMENT

Section 284 of the Patent Act allows a patentee to seek enhanced damages for willful infringement.  35 U.S.C. § 284 (Court may "increase the damages up to three times the amount found or assessed").  The Supreme Court has explained that willfulness, and the resulting increased damages under Section 284, should be limited to "egregious cases of misconduct beyond typical infringement."  *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S. Ct. 1923, 1935 (2016).  Whether the alleged infringement is egregious enough to justify enhanced damages turns on an assessment of the accused infringer's state of mind.  *See id.* at 1933 ("culpability is generally measured against the knowledge of the actor at the time of the challenged conduct.").

Indeed, a claim of willful infringement is a serious charge.  It accuses a defendant of conduct that is "willful, wanton, malicious, bad-faith, deliberate, consciously wrongful, flagrant, or—indeed—characteristic of a pirate."  *Id*. at 1932.  And, as such, a claim of willful infringement cannot be pled in a perfunctory manner with mere boilerplate allegations.  To state a claim for willful infringement, a plaintiff must allege "[k]nowledge of the patent alleged to be willfully infringed."  *Soteria Encryption, LLC v. Lenovo United States, Inc.*, No. CV-16-7958-GW-JPRx, 2017 WL 3449058, at *3 (C.D. Cal. Feb. 27, 2017) (citation omitted); *Polaris PowerLED Techs., LLC v. Vizio, Inc*, No. SA-CV-181571-JVS-DFMx, 2019 WL

3220016, at *4 (C.D. Cal. May 7, 2019).   However, "knowledge alone [is] not sufficient to state a claim for willful infringement."   *Document Sec. Sys., Inc. v. Seoul Semiconductor Co.*, No. SA-CV-1700981-JVS-JCGx, 2018 WL 6074582, at *2 (C.D. Cal. Feb. 5, 2018); *see also Polaris PowerLED Techs.*, 2019 WL 3220016, at *4.   Rather, a plaintiff must also "allege facts suggesting that Defendant['s] conduct amounts to an 'egregious case[] of misconduct beyond typical infringement.'"   *Document Sec. Sys., Inc.,* 2018 WL 6074582, at *2 (citing *Halo*, 136 S. Ct. at 1935).

Core does not, and cannot, allege any of the required elements for willfulness. Its allegations are conclusory, with no facts from which the fact finder could draw a reasonable inference of willful infringement.   Core's willful infringement claims should be dismissed.

## A.   Core Fails to Allege Facts to Plausibly Show That Juniper Had Pre-Suit Knowledge of the '211 Patent

To state a claim for willful infringement, Core must allege facts showing that Juniper had pre-suit knowledge of the '211 patent.   *See Soteria Encryption, LLC*, 2017 WL 3449058, at *3 (dismissing Plaintiff's claim for willful infringement, holding "a willfulness claim asserted in the original complaint must necessarily be grounded exclusively in the accused infringer's pre-filing conduct.").   The requisite knowledge may be satisfied by plausible allegations of actual knowledge, or willful blindness.   *See MONEC Holding AG v. Motorola Mobility, Inc.*, 897 F. Supp. 2d 225, 236 (D. Del. 2012).   Here, Core's only allegation of the requisite pre-suit knowledge for willfulness is based on industry monitoring of lawsuits.[9]   (SAC ¶ 78,

---

[9] Post-filing knowledge also cannot support a claim of willful infringement here, but the issue is moot because the '211 patent expired on November 4, 2019, before Core filed suit, so post-filing infringement and damages are not possible.  35 U.S.C. §271(a) ("whoever without authority makes, uses, offers to sell, or sells any patented invention . . . *during the term* of the patent therefor, infringes the patent") (emphasis added).

citing SAC ¶¶ 64-67.)   This allegation of constructive notice, however, is insufficient as a matter of law.

Indeed, courts routinely hold that constructive notice does not satisfy the required pre-suit knowledge for a claim of willful infringement as a matter of law. *Nike, Inc. v. Wal-Mart Stores, Inc.*, 138 F.3d 1437, 1446 (Fed. Cir. 1998) ("the issue of willfulness turns on the actual knowledge of the infringer, and is unrelated to the adequacy of constructive notice by the patentee."); *VNUS Med. Techs., Inc. v. Diomed Holdings, Inc.*, 527 F. Supp. 2d 1072, 1075 n.4 (N.D. Cal. 2007) ("actual notice of patent, for purposes of [a] claim of willful infringement, is not established by 'constructive notice, as by marking a product with a patent number.'" (citation omitted)); *Puma SE v. Forever 21, Inc.*, No. CV-17-2523-PSG-Ex, 2017 WL 4771004, at *3 (C.D. Cal. Jun. 29, 2017) ("Actual knowledge—not constructive knowledge—is the criterion [for willful infringement]." (citation omitted)).[10]

Similarly, courts regularly hold that a plaintiff may not predicate allegations of pre-suit knowledge for willfulness on prior lawsuits or monitoring of lawsuits within an industry.   *See Altair Instruments, Inc. v. Walmart, Inc.*, No. 2:18-CV-09461-R-FFM, 2019 WL 7166060, at *2 (C.D. Cal. Sept. 25, 2019) (rejecting contention "that Defendant's knowledge may be inferred by, among other things, Plaintiff's prior litigation success in cases concerning the [asserted patent]"; *Radware, Ltd. v. A10 Networks, Inc.*, No. C-13-02021-RMW, 2013 WL 5373305, at *3-6 (N.D. Cal. Sept. 24, 2013) (even participation in industry consisting of "small group of competitors" where defendant had licenses mentioning patents-in-suit was insufficient to plead pre-suit knowledge for willfulness) (citing *MONEC*, 897 F.

---

[10]   Though the Supreme Court in *Halo* abrogated the "objective recklessness" prong of the Federal Circuit's willfulness test in favor of a more flexible inquiry, the Court made clear that it did not overrule pre-*Halo* cases on enhanced damages.  *See Halo*, 136 S. Ct. at 1934 ("[c]onsistent with nearly two centuries of enhanced

Supp. 2d at 233 (allegation that mobile telephone providers likely monitored activities of their primary competitors, including patent litigation, was insufficient to plead actual knowledge or willful blindness)); *Chalumeau Power Sys. LLC v. Alcatel–Lucent et al.*, C.A. No. 11-1175-RGA (D. Del. July 18, 2012) (D.I. 57, Ex. A) (plaintiff's argument that an alleged infringer's actual knowledge of a competitor's suit concerning the same patent would be sufficient to withstand dismissal at the pleading stage was a "fanciful" theory); *SoftView LLC v. Apple Inc.*, 2012 WL 3061027, at *6 (D. Del. July 26, 2012) (widespread knowledge of third-party litigation involving patent does not make actual knowledge plausible); *Pacing Techs., LLC v. Garmin Int'l, Inc.*, No. 12-CV-1067-BEN-WMC, 2013 WL 444642, at *2 (S.D. Cal. Feb. 5, 2013) (dismissing willfulness claims where alleged knowledge was based on patent monitoring); *accord Deckers Outdoor Corp. v. J.C. Penney Co. Inc.*, 45 F. Supp. 3d 1181, 1188 (C.D. Cal. 2014) (rejecting plaintiff's attempt to base knowledge for willfulness on product popularity and marking).

Here, Core's only allegation of the requisite knowledge for willfulness is based on allegations that Juniper engages in industry monitoring of lawsuits. (SAC ¶ 78, citing SAC ¶¶ 64-67.) As to willful infringement, this is insufficient to state a claim to relief that is plausible on its face. Because Core fails to allege the requisite pre-suit knowledge of the '211 patent, its willfulness claims should be dismissed on this basis alone.

**B.   Core Also Fails to Plausibly Allege Egregiousness**

Core's allegations of willful infringement are insufficient for the independent reason that Core fails to plausibly allege egregious conduct. *See Document Sec. Sys., Inc.*, 2018 WL 6074582, at *2 (C.D. Cal. Feb. 5, 2018) ("Allegations of knowledge alone are not sufficient to state a claim for willful infringement."). To

damages under patent law, . . . [enhanced damages] should generally be reserved for egregious cases typified by willful misconduct.").

state a claim for willful infringement, Core must also "allege facts suggesting that Defendants' conduct amounts to an egregious case[] of misconduct beyond typical infringement." *Id.* (quoting *Halo*, 136 S. Ct. at 1935) (internal quotations omitted). "[G]arden-variety" patent cases do not give rise to a claim of willful infringement, instead, the plaintiff must plead behavior beyond typical infringement. *Halo*, 136 S. Ct. at 1935; *see also Polaris PowerLED Techs.*, 2019 WL 3220016, at \*4 (dismissing willful infringement claim even after a pre-suit letter "advised [the defendant] of the Asserted Patents by patent number and described the technology to which each Asserted Patent was directed.").

In its Complaint, Core's only allegation regarding willfulness was that Juniper had actual knowledge of, or was willfully blind to the existence of, the '211 patent because Core believes Juniper engages in industry monitoring of lawsuits. (Compl. ¶¶ 55-57.)  In its SAC, Core advances two bases for its contention of egregious conduct: (1) that Juniper is a "massive company," whereas Core is a "small company" (SAC ¶ 80); and (2) that the PTAB denied review of two prior petitions for Inter Partes Review on the asserted patent filed by ***different*** parties (SAC ¶ 81). Neither of these theories is relevant to or suggests egregious conduct—*i.e.* conduct that is "willful, wanton, malicious, bad-faith, deliberate, consciously wrongful, flagrant, or—indeed—characteristic of a pirate." *Halo*, 136 S. Ct. at 1932.

Contrary to Core's assertion, the size of Juniper as an entity and any comparison with Core's entity size are not evidence of or relevant to egregiousness. *See Alfred E. Mann Found. for Sci. Research v. Cochlear Corp.*, No. CV-07-8108-FMO-SHx, 2018 WL 6190604, at \*28 (C.D. Cal. Nov. 4, 2018) (citing *Read Corp. v. Portec, Inc.*, 970 F.2d 816 (Fed. Cir. 1992) (a defendant's size and financial condition is a factor in determining "the extent of enhancement" but not whether "an infringer acted in [such] bad faith as to merit an increase in damages") (internal quotation omitted)); *accord  Finjan, Inc. v. Blue Coat Sys.*, Inc., No. 13-CV-03999-BLF, 2016 WL 3880774, at \*17 (N.D. Cal. July 18, 2016), *aff'd in pertinent part*,

879 F.3d 1299 (Fed. Cir. 2018) (rejecting plaintiff's argument "that [defendant's] large size somehow enabled it to act egregiously").[11]   Accordingly, Core's arguments regarding entity size are insufficient as a matter of law.

Further, the existence of prior PTAB proceedings has no bearing on egregiousness.   Initially, there is no plausible basis to infer that Juniper had knowledge of any prior *Inter Partes Review* involving the '211 patent.  And a denial of institution by the PTAB is not preclusive or precedential, and accordingly does not eliminate a good faith basis for invalidity, let alone support allegations of egregiousness.   *See, e.g., Nichia Corp. v. VIZIO, Inc.*, No. CV-8160545-SJO-MRWx, 2019 WL 1966665, at *4 (C.D. Cal. Mar. 25, 2019)[12] (noting, in excluding PTAB evidence from trial, that "[h]ad Congress intended for denials of institutions to have a bearing on later actions, it would have given those decisions preclusive effect.") (citing *Judge Med. Cardiology Div., Inc. v. Volcano Corp.*, 749 F.3d 1373, 1375 (Fed. Cir. 2014) ("[a] non-institution decision ... is not a 'final written decision' " and is not entitled to preclusive effect.")); *see also Evolved Wireless, LLC v. Apple Inc.*, No. CV-15-542-JFB-SRF, 2019 WL 1100471, at *3 (D. Del. Mar. 7, 2019) ("[t]he denial to institute proceedings has no estoppel effect and [] minimal probative value [regarding] the validity issue. . .").  Indeed, a district court examining this discrete issue has specifically found that maintaining an argument previously rejected by the PTAB was *not* grounds for egregiousness.  *See Wisconsin Alumni Research Found. v. Apple, Inc.*, 140 F. Supp. 3d 791, 794 (W.D. Wis.

---

[11] District courts continue to apply the *Read* Factors after *Halo*, 136 S. Ct. 1923. *See Presidio Components, Inc. v. Am. Tech. Ceramics Corp.*, 875 F.3d 1369, 1382–83 (Fed. Cir. 2017).

[12] Though this pretrial order was vacated pursuant to stipulation, No. 8:16-CV-00545-SJO-MRW, 2019 WL 7281927 (C.D. Cal. Apr. 16, 2019), this does not disturb the reasoning of the Federal Circuit decision on which it relies.

2015).[13]   The Court should also disregard Core's arguments regarding prior PTAB proceedings.

Setting aside these legally invalid arguments about entity size and prior PTAB proceedings, Core is left with no allegation of egregiousness whatsoever. Accordingly, Core's claims of willfulness should be dismissed for failure to "allege facts suggesting that Defendants' conduct amounts to an egregious case[] of misconduct beyond typical infringement." *Document Sec. Sys., Inc.*, 2018 WL 6074582, at *2 (quoting *Halo*, 136 S. Ct. at 1935) (internal quotations omitted).

Moreover because Core based its allegations of willfulness entirely (and improperly) on industry monitoring of lawsuits, even after multiple opportunities to amend (thus having failed to allege the pre-suit notice of the '211 patent required for willfulness), "it is impossible that [Core] could allege, in good faith and at this stage, pre-filing knowledge of those patents." *Monolithic Power Sys., Inc. v. Silergy Corp.*, 127 F. Supp. 3d 1071, 1077 (N.D. Cal. 2015); *see also Cap. Co., Ltd. v. McAfee, Inc.*, No. 14-CV-05068-JD, 2015 WL 3945875, at *3 (N.D. Cal. Jun. 26, 2015) ("the limitations on willfulness imposed by *Seagate* would be turned to dust by allowing a patentee to amend a complaint to assert willfulness on the basis of notice of the patents provided for the first time by the original complaint itself"). Accordingly, Juniper respectfully requests that the Court dismiss the entirety of Core's willfulness claims without leave to amend. *See id*. Indeed, there is no possibility for Core to allege willfulness based on post-suit knowledge at all, because the '211 patent is expired. Nor may Core at this stage in the case come up with any further facts to support any egregious conduct allegations. *See, e.g., Cont'l Circuits LLC v. Intel Corp.*, No. CV-16-2026-PHX-DGC, 2017 WL 679116, at *11

---

[13]   Further, *Inter Partes Review* proceedings address only a limited set of invalidity issues—they do not address non-infringement.  Core has not provided any allegation that would allow the Court to infer Juniper willfully *infringed* a valid patent.

Case No. 8:19-cv-02198 JAK(RAOx)

DEFENDANT JUNIPER'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS CORE'S SECOND AMENDED COMPLAINT

(D. Ariz. Feb. 21, 2017) (dismissing willfulness claims where "Plaintiff has alleged sufficient facts to show knowledge, but not to show the additional element of egregiousness.").

## III.   CORE FAILS TO ADEQUATELY PLEAD INDIRECT INFRINGEMENT

Core's indirect infringement claims fail for reasons similar to its willfulness claims—an allegation of industry monitoring of lawsuits is insufficient to allege the requisite knowledge for inducement or contributory infringement.  Like willfulness, claims for both induced and contributory infringement require "knowledge of the patent in suit and knowledge of patent infringement."  *Commil USA, LLC v. Cisco Systems, Inc.*, 135 S. Ct. 1920, 1926 (2015); *see also Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 765-66 (2011) (indirect infringement requires "knowledge of the existence of the patent that is [allegedly] infringed" and "knowledge that the induced acts constitute patent infringement.").  "To survive a motion to dismiss, a plaintiff alleging contributory infringement must plausibly allege that the accused infringer knew of the asserted patents."  *Artip v. Ball Corp.*, 735 F. App'x 708, 713 (Fed. Cir. 2018) (citing *Commil*, 135 S. Ct. at 1926).

More specifically, to state a claim for indirect infringement a plaintiff must allege the defendant "(1) ha[s] knowledge of the patents-in-suit; and (2) ha[s] knowledge that the direct infringers' actions constitute patent infringement."  *Unilin Beheer B.V. v. Tropical Flooring*, No. CV-14-02209-BRO-SSx, 2014 WL 2795360, at *4 (C.D. Cal. June 13, 2014).  The requisite knowledge for indirect infringement may be satisfied by plausible allegations of actual knowledge, or willful blindness.  *See Radware*, 2013 WL 5373305, at *3-*4 (N.D. Cal. Sept. 24, 2013) (citations omitted).  However, neither actual knowledge nor willful blindness may be based on "the patent-in-suit ha[ving] been the subject of previous litigation within the industry."  *Radware, Ltd*, 2013 WL 5373305, at *3-4 (citing *MONEC*, 897 F. Supp. 2d at 230) (dismissing claims for contributory infringement and inducement,

-22-

1   rejecting allegations of actual knowledge and willful blindness because "there is no

2   presumption of [] knowledge from such other patent suits that is sufficient to

3   withstand dismissal at the pleading stage"); *see also Pacing Techs., LLC*, 2013 WL

4   444642, at *2.

5        As with willfulness, Core's only allegation of knowledge (or willful

6   blindness) is based on its allegations of industry monitoring of lawsuits.  (SAC ¶¶

7   65-66.)  As to indirect infringement, this will not suffice to state a claim to relief that

8   is plausible on its face.  Because Core fails to allege the requisite pre-suit knowledge

9   of the '211 patent, its indirect infringement claims should also be dismissed, without

10  leave to amend.

11                          <u>**CONCLUSION**</u>

12       For the foregoing reasons, and because, at this stage, Core has failed to plead

13  compliance with the marking and actual notice requirements of Section 287, and

14  because the defects in Core's willfulness and indirect infringement claims cannot be

15  remedied through amendment, Juniper respectfully requests that the Court dismiss

16  Core's entire SAC without leave to amend.

17

18  Dated:  April 10, 2020          QUINN EMANUEL URQUHART & SULLIVAN,
                                    LLP
19

20

21                                 By:  */s/ Todd Briggs*

22                                      Kevin P.B. Johnson
                                        Todd Briggs
23                                      Ray Zado
                                        Attorneys for Defendant
24                                      JUNIPER NETWORKS, INC.

25

26

27

28

## <u>CERTIFICATE OF CONFERENCE</u>

This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on April 3, 2020.


<u>/s/ Todd Briggs</u>

Todd Briggs

Case No. 8:19-cv-02198 JAK(RAOx)

DEFENDANT JUNIPER'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS CORE'S SECOND AMENDED COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Case No. 8:19-cv-02198 JAK(RAOx)

DEFENDANT JUNIPER'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS CORE'S SECOND AMENDED COMPLAINT