1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

QUINN EMANUEL URQUHART &
SULLIVAN, LLP
Kevin P.B. Johnson (SBN 177129)
*kevinjohnson@quinnemanuel.com*
Todd Briggs (SBN 209282)
*toddbriggs@quinnemanuel.com*
Ray Zado (SBN 208501)
*rayzado@quinnemanuel.com*
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Attorneys for Defendant
JUNIPER NETWORKS, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| CORE OPTICAL TECHNOLOGIES, LLC, | CASE NO. 8:19-cv-02198 JAK(RAOx) |
|---|---|
| Plaintiff, | **JUNIPER'S UNOPPOSED APPLICATION FOR LEAVE TO FILE DOCUMENTS UNDER SEAL AND MEMORANDUM IN SUPPORT** |
| vs. | |
| JUNIPER NETWORKS, INC., | |
| Defendant. | |

TO THE COURT AND ALL PARTIES:

PLEASE TAKE NOTICE THAT Defendant Juniper Networks, Inc. ("Juniper"), by and through its counsel of record, respectfully moves for permission to file under seal its Memorandum in Support of Its Motion to Transfer and the Declaration of Domenico di Mola in support of the same.  This Application is made pursuant to Local Rule 79-5 and the Court's Standing Order, and is supported by (i) the below Memorandum of Points and Authorities; (ii) the Declaration of Todd Briggs submitted herewith; and (iii) all papers and pleadings herein.

Dated:  April 22, 2020

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By: */s/ Todd Briggs*

Kevin P.B. Johnson (SBN 177129)
kevinjohnson@quinnemanuel.com
Todd Briggs (SBN 209282)
toddbriggs@quinnemanuel.com
Ray Zado (SBN 208501)
rayzado@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Attorneys for Defendant
JUNIPER NETWORKS. INC.

## <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

Pursuant to Civil Local Rule 79-5 and this Court's Standing Order Section 11, Juniper Networks, Inc. ("Juniper"), by and through its counsel of record, respectfully moves for permission to file under seal the following portions of its Memorandum in Support of Its Motion to Transfer and the Declaration of Domenico di Mola in support of the same ("the Subject Documents"). The Subject Documents contain supplier, product specification, and technical information that Juniper considers highly confidential. Declaration of Todd Briggs ("Briggs Decl.") ¶ 5. This information is properly sealable under both the good cause and the compelling reasons standards, as its public disclosure would cause competitive harm to Juniper. *See Apple Inc. v. Samsung Elec.* Co, 727 F.3d 1214, 1221 (Fed. Cir. 2013).

| Document | Portions to be Filed Under Seal | Party Claiming Confidentiality |
|---|---|---|
| Memorandum in Support of Juniper's Motion to Transfer | The portions highlighted in yellow in the unredacted version filed at Dkt 38. | Juniper |
| Declaration of Domenico di Mola in Support of Juniper's Motion to Transfer | The portions highlighted in yellow in the unredacted version filed at Dkt 38. | Juniper |

Parties seeking to seal documents in connection with a non-dispositive motion must show "good cause" under Federal Rule of Civil Procedure 26(c). A motion to transfer is a non-dispositive motion, so the good cause standard applies. *E.g. Ingram v. Long Beach Superior Court*, No. CV-18-3637-DOC-KK, 2018 WL 5880075, at *1 (C.D. Cal. July 9, 2018) ("motions to transfer are non-dispositive") (citing *Gomes v. Silver State Mortg.*, No. C 09-2340 RS, 2009 WL 10674100, at *2 (N.D. Cal. July 28, 2009); *In re Midland Nat'l Life Ins. Co. Annuity Sales Practices Litig.*, 686 F.3d 1115, 1119 (9th Cir. 2012); *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) ("In light of the weaker public interest in nondispositive

1  materials, we apply the 'good cause' standard when parties wish to keep them under

2  seal").

3      However, even under the "compelling reasons" standard applied by the Ninth

4  Circuit to dispositive motions (which should not apply here), compelling reasons for

5  sealing confidential information exist when the disclosure of the confidential

6  business information would "cause competitive harm to a business." *Apple*, 727

7  F.3d at 1221 (Fed. Cir. 2013) (internal quotation marks and citations omitted).

8  Additionally, the Ninth Circuit has stated that "[i]n general, 'compelling reasons'

9  sufficient to outweigh the public's interest in disclosure and justify sealing court

10  records exist when such 'court files might have become a vehicle for improper

11  purposes . . . .'" *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th

12  Cir. 2006).

13      The information that Juniper seeks to seal in the Subject Documents satisfies

14  both standards and is properly sealable.  Juniper maintains safeguards to ensure the

15  secrecy of such information, and would be harmed by its disclosure.  Briggs Decl. ¶

16  6.  For example, competitors could use this highly confidential information, which

17  reveals Juniper's product architecture, development, and supplier relationships, to

18  gain an unfair business advantage against Juniper.  *Id.*  Such materials regarding a

19  party's confidential business practices are properly sealable, including under the

20  compelling reasons standard. *See*, *e.g.*, *W. Air Charter, Inc. v. Sojitz Corp.*, No. CV

21  18-7361-JGB-KSX, 2019 WL 4509304, at *4 (C.D. Cal. May 2, 2019) ("A

22  compelling reason exists where public disclosure of proprietary business

23  information could harm competitive standing and/or result in the improper use of the

24  information by others who might circumvent investing their own time and

25  resources."); *Coffelt v. Kroger Co.*, No. EDCV-16-01471-JGB-KKX, 2018 WL

26  6016133, at *2 (C.D. Cal. June 21, 2018) (sealing "sensitive information that could

27  be used by competitors and negatively impact [movant]'s success in the market.");

28  *Koninklijke Philips N.V. v. Elec-Tech International Co., Ltd.*, No.14–cv–02737–

BLF, 2015 WL 581574, at *1-2 (N.D. Cal. Deb. 10, 2015) (sealing "information about [a party's] business practices, recruitment efforts, and discussions regarding potential partnerships with other product manufacturers"); *Delphix Corp. v. Actifio, Inc.*, No. 13–cv–04613–BLF, 2014 WL 4145520, at *2 (N.D. Cal. Aug. 20, 2014) (sealing documents containing "highly sensitive information regarding [a party's] product architecture and development").

Further, the proposed sealing is narrowly tailored because it contemplates sealing only the specific portions of the Subject Documents that contain the highly sensitive, confidential information of Juniper, as reflected in the proposed redactions.   No less restrictive means exist to ensure that this confidential information is not disclosed to the public.

Counsel for Juniper met and conferred telephonically with Counsel for Core Optical Technologies, LLC ("Core") on April 14, 2020.  Briggs Decl. ¶ 3.  During that telephonic meet and confer, Counsel for Core informed counsel for Juniper that Core does not oppose this Application.  *Id.*

Dated:  April 22, 2020

QUINN EMANUEL URQUHART & SULLIVAN, LLP


By:  */s/ Todd Briggs*

Kevin P.B. Johnson
Todd Briggs
Ray Zado
Attorneys for Defendant
JUNIPER NETWORKS, INC.

1

## **CERTIFICATE OF CONFERENCE**

2      This Application is made following the telephonic conference of counsel

3 pursuant to Standing Order Section 11 which took place on April 14, 2020.

4

5

6                                          */s/ Todd Briggs*
                                          Todd Briggs

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. 8:19-cv-02198 JAK(RAOx)
JUNIPER'S UNOPPOSED APPLICATION FOR LEAVE TO FILE
DOCUMENTS UNDER SEAL AND MEMORANDUM IN SUPPORT

## **CERTIFICATE OF SERVICE**

Pursuant to L.R. 5-3.1.2, the undersigned hereby certifies that true and correct copies, with proposed redactions, of (1) Juniper's Memorandum in Support of Its Motion to Transfer and (2) the Declaration of Domenico Di Mola In Support of Juniper's Motion to Transfer, were served on April 22, 2020, upon the following via electronic mail:

Lawrence M. Hadley
lhadley@glaserweil.com
Stephen E. Underwood
sunderwood@glaserweil.com
GLASER WEIL FINK HOWARD AVCHEN & SHAPIRO LLP

Lawrence R. Laporte
Lawrence.LaPorte@lewisbrisbois.com
LEWIS BRISBOIS BISGAARD & SMITH LLP

Attorneys for Plaintiff, Core Optical Technologies, LLC

*/s/ Todd Briggs*