QUINN EMANUEL URQUHART & SULLIVAN, LLP
Kevin P.B. Johnson (SBN 177129)
kevinjohnson@quinnemanuel.com
Todd Briggs (SBN 209282)
toddbriggs@quinnemanuel.com
Ray Zado (SBN 208501)
rayzado@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Attorneys for Defendant
JUNIPER NETWORKS, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| CORE OPTICAL TECHNOLOGIES, LLC,<br><br>Plaintiff,<br><br>v.<br><br>JUNIPER NETWORKS, INC.,<br><br>Defendant. | Case No. 8:19-cv-02189 JAK (RAOx)<br><br>**DEFENDANT'S *EX PARTE* APPLICATION TO STRIKE PLAINTIFF'S REQUEST FOR LEAVE TO FILE A SUPPLEMENTAL BRIEF**<br><br>Action filed: November 12, 2019<br><br>Hearing date: July 13, 2020<br>Time: 8:30 a.m. |

TO THE COURT AND ALL PARTIES AND THEIR RESPECTIVE ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that pursuant to the Federal Rules of Civil Procedure, Local Rule 7-19, and the Court's Standing Order (Dkt. 23), Defendant Juniper Networks, Inc. ("Juniper") respectfully submits this *ex parte* application for an order striking Plaintiff Core Optical Technologies, LLC's ("Core") purported Request for Leave to File a Supplemental Brief in Response to Juniper's Reply in Support of Its Motion to Dismiss ("Request") (Dkt. 53) and the proposed supplemental brief ("Supplemental Brief") filed therewith (Dkt. 53-1).

As explained in the Memorandum of Point and Authorities attached hereto, Core's Request and its Supplemental Brief should be stricken for several reasons. The Request violates the Local Rules, the Court's Standing Order, the briefing schedule agreed to by the parties, and is also not supported by good cause. Further, Juniper respectfully submits that good cause exists for Juniper to move *ex parte* because Core's improper Request and supplemental brief relate to Juniper's motion to dismiss, which is currently set to be heard on July 13, 2020. And under the normal requirements of Local Rule 6-1, the earliest that Juniper's motion to strike could be heard is July 20, 2020, which is after the Court will have heard Juniper's pending motion to dismiss.

Finally, to the extent the Court does not strike Core's Request and Supplemental Brief, Juniper requests that it be permitted to file a short response to address the incorrect and misleading arguments made in Core's Supplemental Brief.

Pursuant to Local Rule 7-19, on June 19, 2020, Juniper's counsel contacted Core's counsel, Lawrence M. Hadley (lhadley@glaserweil.com), Stephen E. Underwood (sunderwood@glaserweil.com) (both at Glaser Weil Fink Howard Avchen & Shapiro LLP, 10250 Constellation Boulevard, 19th Floor, Los Angeles, California 90067; Telephone: (310) 553-3000), and Lawrence R. Laporte (Lawrence.LaPorte@lewisbrisbois.com, Lewis Brisbois Bisgaard & Smith LLP, 633 West 5th Street, Suite 4000, Los Angeles, California 90071; Telephone: 213.250.1800),

regarding the substance of this *ex parte* application and telephonically met and conferred on June 20, 2019. Core's counsel stated that Core would oppose this *ex parte* application during that conference. Copies of the *ex parte* application have been served on all parties listed on the attached proof of service.

DATED: June 22, 2020

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By: */s/ Todd Briggs*
    Kevin P.B. Johnson
    Todd Briggs
    Ray Zado
    Attorneys for Defendant
JUNIPER NETWORKS, INC.

# MEMORANDUM OF POINTS AND AUTHORITIES

On April 10, 2020, Juniper Networks, Inc. ("Juniper") filed its motion to dismiss Core Optical Technologies, LLC's ("Core") second amended complaint. Dkt. No. 33. On April 15, 2020, the parties agreed to a briefing schedule for Core to submit its opposition to the motion to dismiss and Juniper to submit its reply. Dkt. No. 35. Pursuant to that schedule Core submitted its opposition on May 18, 2020 (Dkt. No. 49), and Juniper submitted its reply on June 8, 2020 (Dkt. No. 51). On June 17, 2020, without first contacting counsel for Juniper as required by Local Rule 7-3 and Section 9(c) of the Court's Standing Order, Core filed its Request for Leave to File a Supplemental Brief in Response to Juniper's Reply in Support of Its Motion to Dismiss ("Request") (Dkt. 53) and a proposed 12-page supplemental brief ("Supplemental Brief") (Dkt. 53-1).

The Court should strike Core's Request and Supplemental Brief for several reasons.

## I.  The Court Should Strike Core's "Request" And Supplemental Brief

Local Rule 7-3 requires counsel to meet and confer at least seven days prior to filing a motion in a civil matter. C.D. Cal. L.R. 7-3. To satisfy Local Rule 7-3, counsel must first "contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and ***any potential resolution***." *Id.* (emphasis added). As noted in Section 9(c) of the Court's Standing Order, "[c]ounsel ***must comply*** with Local Rule 7-3" and "engage in a pre-filing conference." (Dkt. 23 at 9 (emphasis added)). The Court may strike or outright deny a motion or other relief if counsel fails to meet and confer in good faith. *See, e.g.*, *Singer v. Live Nation Worldwide, Inc.*, No. SACV 11-0427 DOC (MLGx), 2012 U.S. Dist. LEXIS 5196, at *5 (C.D. Cal. Jan. 13, 2012) (denying motion due to movant's failure to abide by Local Rule 7-3).

Here, Core's counsel made no effort to inform Juniper's counsel that Core contemplated filing its "Request," let alone discuss the substance of its Request with Juniper's counsel. Core thus failed to meet its obligations under Local Rule 7-3 and

Section 9(c) of the Court's Standing Order to engage in a good-faith pre-filing conference. That Core captioned its filing as a "Request for Leave" rather than a motion does not relieve Core of its pre-filing obligations under the Local Rules and the Court's Standing Order. *See Lopez v. Liberty Mut. Ins.*, Co., No. 2:14-cv-05576-AB (JCx), 2019 U.S. Dist. LEXIS 166397, at *7-8 (C.D. Cal. July 25, 2019) (denying "disguised motion to strike" due to movant's failure to abide by Local Rule 7-3). Similar to the purported "objections" in *Lopez*, Core's purported "Request for Leave" is nothing more than a motion in disguise and should have been filed as a regularly noticed motion, only after a pre-filing conference. *See id.* As such, the Court should strike Core's Request.

Additionally, Local Rule 7-10 and Section 9(d) of this Court's Standing Order prohibit a party opposing a motion from filing a response to the movant's reply absent a prior written Court order. C.D. Cal. L.R. 7-10 ("Absent prior written order of the Court, the opposing party shall not file a response to the reply."); Dkt. No. 23 (Standing Order) at 9 ("No supplemental brief shall be filed without prior leave of Court"). The briefing schedule agreed to by the parties also did not include a Supplemental Brief. Dkt. No. 35. Not only is Core's proposed Supplemental Brief not contemplated by the rules and the parties' stipulation, but its Request is also not supported by good cause.

Indeed, the arguments in the Supplemental Brief could have (and should have) been made in Core's Opposition, are repetitive of arguments already asserted, and are filled with misstatements and misrepresentations. Contrary to Core's assertions, the arguments in Juniper's Reply (Dkt. No. 51) were not "new"—they were responsive to arguments in Core's Opposition. First, Core alleges the Reply includes "[a] new argument that 'Marking Applies When a Patentee Asserts Apparatus Claims in a Prior Lawsuit, But Asserts Only Method Claims in a Later Lawsuit." Request, ¶2(a). Far from being new, this was a central argument in Juniper's opening brief. *See, e.g.,* Dkt. No. 33 (Juniper's Motion to Dismiss) at 8 ("Core asserted apparatus claims of the '211 patent (in addition to method claims) in multiple prior cases before this Court…"), 10 ("District courts have routinely held that the marking statute is triggered once apparatus

1  claims are asserted, even if they are later withdrawn"). Second, Core alleges that the
2  Reply includes "[c]itations to several new district court cases." Request, ¶2(b). These
3  cases are directly responsive to Core's arguments regarding the scope of the *Hanson v.*
4  *Alpine Valley Ski Area, Inc.*, 718 F.2d 1075 (Fed. Cir. 1983) decision and its attempt to
5  distinguish *American Medical*, 6 F.3d 1523 (Fed. Cir. 1993). *See, e.g.,* Dkt. No. 48 at
6  4 (citing the cases Core points to in rebuttal to Core's arguments regarding *Hanson*).
7  Third, Core alleges that Juniper's rebuttals to the arguments in Core's Opposition about
8  *Hanson* and *Crown* are new. Request, ¶2(c)-(i). For instance, Core states that Juniper
9  presents "[a] new argument that *Hanson* and *Crown Packaging* did not establish "a
10 'bright line rule.'" Request, ¶2(c). But Core discussed the *Hanson* and *Crown*
11 *Packaging* decisions at length in its Opposition, and argued the holdings of *Hanson* and
12 *Crown Packaging* established a "bright-line rule." Dkt. No. 49. In response, Juniper's
13 Reply showed that contrary to Core's assertions, *Crown* and *Hanson* did *not* establish a
14 bright-line rule. Dkt. No. 51 at 4 ("Core seeks to side-step *American Medical* by
15 claiming there is a 'bright-line rule'…"), 5 ("Core's attempt to extend the decisions into
16 a 'bright-line' rule conflicts with *American Medical*…"). The argument is not new or
17 unexpected, and cannot support a finding of good cause to deviate from the Local Rules,
18 the Court's Standing Order, and the agreed briefing schedule.

19 Further, Core has already had ample opportunity to fully brief the issues raised
20 in Juniper's motion to dismiss. Not only did Core address the merits of Juniper's motion
21 to dismiss in its opposition to that motion (Dkt. No. 49), but Core also addressed the
22 merits of Juniper's motion to dismiss in its opposition to Juniper's motion to stay
23 discovery (Dkt. No. 43). Taking both of Core's opposition briefs into account, Core's
24 total briefing on the issues raised in Juniper's motion to dismiss now totals over 40
25 pages, far more than the 25 pages allowed by the Local Rule 7 and Section 9(d) of this
26 Court's Standing Order. *See* Dkt. No. 49 (25 pages) and Dkt. No. 43 (18 pages).[1]

27 ───────────────
28 [1] Core's proposed supplemental brief is also 12 pages. Section 9(d) of the Court's Standing Order limits reply briefs to 10 pages, and states that **"[o]nly in rare instances** and for good cause shown will the Court grant an application to extend the page

For the reasons set forth above, Core's Request and its Supplemental Brief should be stricken.  Alternatively, to the extent the Court grants Core's Request for Leave and considers Core's proposed Supplemental Brief, Defendants respectfully request leave to file a short, substantive response to Core's proposed Supplemental Brief, which includes various inaccuracies and misleading omissions.

## II. Ex *Parte* Relief Is Appropriate

"In order to justify *ex parte* relief, the moving party must establish (1) that its cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures, and (2) that it is without fault in creating the crisis that requires *ex parte* relief, or that the crisis occurred as a result of excusable neglect." *See generally Diaz v. Bank of Am. Home Loan Servicing, L.P.*, No. CV 09-9286 PSG (MANx), 2010 WL 11549349, at *1 (C.D. Cal. July 20, 2010) (citing *Mission Power Eng'g Co. v. Continental Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995)).

Juniper will be irreparably prejudiced if its motion to strike Core's Request is heard according to the regular noticed motion procedures. Absent the requested *ex parte* relief, under the normal requirements of Local Rule 6-1, the earliest that a motion to strike could be heard is July 20, 2020, which is after the Court will have heard Juniper's pending motion to dismiss and also is a date that is closed on the Court's hearing calendar.  Thus, without *ex parte* relief, Juniper will be effectively deprived of an opportunity to oppose its admission or submit a response to the inaccurate and misleading arguments in Core's Request.

Juniper is also without fault for the circumstances requiring *ex parte* relief. The parties previously agreed to a briefing schedule that did not contemplate Supplemental Briefs.  Nevertheless, on June 18, 2020, just weeks before the July 13, 2020 hearing on Juniper's motion to dismiss, Core filed its Request without providing Juniper with any notice or complying with the Court's rules.

---

limitations." Dkt. No. 23 (Standing Order) at 9 (emphasis added).  This is another basis for denying Core's Request.

Thus, good cause exists for Juniper to move *ex parte* so that its motion to strike can be considered by the Court in advance of the upcoming hearing to which it relates.

DATED: June 22, 2020

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By: */s/ Todd Briggs*
    Kevin P.B. Johnson
    Todd Briggs
    Ray Zado
    Attorneys for Defendant
JUNIPER NETWORKS, INC.

# PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is Quinn Emanuel Urquhart & Sullivan, LLP, 865 S. Figueroa St. 10th Floor, Los Angeles, California 90017.

On June 22, 2020, I served true copies of the following document(s) described as**:**

**1.    DEFENDANT'S *EX PARTE* APPLICATION TO STRIKE PLAINTIFF'S REQUEST FOR LEAVE TO FILE A SUPPLEMENTAL BRIEF**

on the interested parties in this action as follows:

| | |
|---|---|
| *Plaintiff Core Optical Technologies, LLC* | LAWRENCE M. HADLEY - State Bar No. 157,728<br>lhadley@glaserweil.com<br>STEPHEN E. UNDERWOOD - State Bar No. 320,303<br>sunderwood@glaserweil.com<br>GLASER WEIL FINK HOWARD AVCHEN & SHAPIRO LLP<br>10250 Constellation Boulevard, 19th Floor<br>Los Angeles, California 90067<br>Telephone: (310) 553-3000<br>Facsimile: (310) 556-2920<br>LAWRENCE R. LAPORTE, State Bar No. 130,003<br>Lawrence.LaPorte@lewisbrisbois.com<br>LEWIS BRISBOIS BISGAARD & SMITH LLP<br>633 West 5th Street, Suite 4000<br>Los Angeles, California 90071<br>Telephone: 213.250.1800<br>Facsimile: 213.250.7900<br>Attorneys for Plaintiff<br>Core Optical Technologies, LLC |

__X__ **BY EMAIL:  I caused such documents to be personally transmitted to the person(s) at the email address(es) set forth above.**

Executed on June 22, 2020 at Los Angeles, California.

*/s/ Nima Hefazi*
Nima Hefazi